**HALE et al. v. PATTERSON et al.**

Court of Appeals of Kentucky.

Dec. 5, 1952.

Coleman D. Moberly, Robert H. Helton, Jr. and Moberly & Helton, London, for appellants.

William A. Hamm, London, for appellees.

STEWART, Justice.

This suit was instituted by Clarence Patterson and Martha, his wife, against Delbert Hale and Sena, his wife, to quiet title to a small tract of land situated in Laurel County, about four miles west of London. The title of both parties relates back to a common grantor, the heirs of Mary J. Combs. The Hales are the immediate grantees of the Combs heirs, having acquired their tract of 24 acres on October 6, 1945. The land out of which the parcel in controversy was carved was conveyed by these same heirs to one D. B. Murphy and Mary, his wife, on April 23, 1946, and, through seven mesne conveyances, it became vested in the Pattersons on June 19, 1950. The Chancellor adjudged the Pattersons to be the owners and in possession of the tract in dispute, and the Hales have appealed.

A map prepared by J. H. Graham on February 7, 1951, was filed by him with his deposition, marked "J. H. G. No. 1", and both parties have accepted the map as a correct survey of the property involved in this litigation. Hence, we have made as a part of this opinion a sketch of the portion of this map that we deem needful to show just what land, markers and other objects are in question, which sketch we shall hereinafter refer to as the "Graham map". We shall also employ the letters of the alphabet and the descriptions noted on this map.

Appellants claim their deed of October 6, 1945, includes the controversial tract. The description of their conveyance reads as follows:

"Beginning at a stone in the Combs and Neubert Line on the north side of Sublimity Road, near the Wiggington cemetery; thence with the Sublimity Road, a southwestern direction with the meanders of the Sublimity Road to the junction of Sublimity Road and Parker Road; thence with Parker Road in a northern direction to a stone in the Gray and Combs line, the original Combs and Parker line; thence with the original Combs line and the Layton Greene's line in a southeastern direction to the beginning, containing 24 acres more or less."

By reference to the Graham map, it will be noted that appellants' land is located *north of the "Parker Road"* and is indicated as "Lands of Delbert Hale. 24 acres." The strip that is the subject of this litigation is shaded and triangular in shape, is situated west of the Parker Road and is marked "1.87 A. Tract in Dispute". At "J", where the Parker Road makes a turn toward the north, two lines marked by dots continue northwestward, and this road is marked "closed." What is known as "the Gray and Combs line, the original Combs and Parker line" in the foregoing description is shown as "Combs and Parker Line" on the map and it starts at "R", goes eastwardly to "O", then to "P" and finally to "A".

Coming now to the issue on which this case turns, appellants contend their line runs *northwestwardly on the Parker Road* and at "J", instead of following the road in its course northwardly, they say their boundary goes northwestwardly on up to "R" on the road marked on each side by dots and described as closed. At "R" their boundary then follows, according to them, the Combs and Parker Line northeastwardly on to "A" on the original Combs line and runs thence to the beginning on the "Sublimity Road". Appellees maintain appellants' line follows the Parker Road on around to "P", at which point it joins the Combs and Parker Line, and from there it continues northeastwardly on to "A" on the original Combs line and goes thence to the beginning.

◼ Appellees argue that the Parker Road as shown on the Graham map is a clearly defined physical object, which was established some ten years before appellants bought the property they now own and claim, and that it controls the boundary line of their land. The rule is to the effect that when land is conveyed as bordering upon a public highway, the highway will control in fixing the courses and distances set forth in the conveyance. Dupoyster v. Miller, 160 Ky. 780, 170 S.W. 182. The Parker Road is a prominent feature in the description in appellants' deed. The primary question is: Where is this road located?

◼◼ Parol proof is always admissible to show where the objects called for in a deed are located on the ground. Crider v. Crum, 233 Ky. 414, 25 S.W.2d 1009; Bentley v. Napier, Ky., 122 S.W. 180. From the testimony of all the witnesses it was established that the Parker Road, as it appears on the Graham map was opened as a new road around 1936. It was uncontradicted that the old road was sold to one Jerry Parker by Mary J. Combs and D. B. Combs, her husband, for use by Parker and his family *as a private road,* but it was closed when the new road was built and opened as a public highway . The new road, it was proven, was constructed by the W.P.A., and no one had ever heard any road called the "Parker Road" until the W.P.A. had built the one shown and named as such on the Graham map.

John V. Combs, one of the children of Mary J. Combs, who joined in with the heirs of his mother to convey the 24-acre tract to the Hales, testified that he talked to Delbert Hale two or three times before Hale and his wife bought their land and Combs stated "it was the understanding of all parties that the land conveyed was bounded on the west and the southwest by the new Parker road." It is significant that the Hales have never occupied the land in dispute. J. H. Graham, a surveyor who testified he was acquainted with practically all the land in the vicinity of the property in controversy, stated he had never heard

of any claim being made by the Hales to the tract in dispute until appellees purchased it. Albert Allen, an auctioneer, testified that he sold the tract in question at an auction during 1946, and, at the time, appellant, Delbert Hale, bid on one of the lots into which this tract had been divided. Since the lots brought more as one unit, the tract was then sold in its entirety to an Arch J. Pigg, one of appellee's predecessors in title. Pigg also testified to this fact.

The Chancellor concluded that appellants had no title to the land in litigation, that the boundary of the Hales is circumscribed by the Parker Road as it now exists, or, to state the same proposition differently, that the Hales own no land north of the Parker Road. He entered judgment quieting appellees' title. We think the evidence overwhelmingly supports the Chancellor's finding of facts in this case.

Wherefore, the judgment is affirmed.